919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald HAYGOOD, also known as Mister, on behalf of himself
and others similarly situated, Plaintiff-Appellant,
v.
MICHIGAN REFORMATORY, Pamela Withrow, Warden, Steve Adams,
Housing Deputy, in their individual and official
capacities, Defendants-Appellees.
 No. 90-1112.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald Haygood, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Haygood was placed in an isolation cell after he refused to submit to a visual body cavity inspection during a strip search after a contact family visit. Seeking monetary, declaratory and injunctive relief, Haygood sued these Michigan state corrections officials in their individual and official capacities alleging that the prison policy directing that all prisoners who are strip searched must undergo a body cavity search violated his constitutional rights. The magistrate recommended the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that the United States Supreme Court has specifically approved body cavity searches by visual inspection after contact visitation. Bell v. Wolfish, 441 U.S. 520, 560 (1979). The district court adopted the magistrate's recommendation after considering Haygood's objections.
 
 
 3
 On appeal, Haygood requests the appointment of counsel, and has filed a pro se brief. Defendants have notified the court that they will not be filing a brief.
 
 
 4
 Upon review, we shall affirm the district court's judgment for the reasons stated in the magistrate's report dated July 25, 1989, as adopted by the district court on December 15, 1989. The complaint lacks an arguable basis in law because Haygood has obviously suffered no constitutional deprivation. See Neitzke v. Williams, 490 U.S. 319 (1989).
 
 
 5
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.